Form 149

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Kellie M. Brazeale**
Debtor(s)

Bankruptcy Case No.: 16–10744–TPA
Per June 9, 2020 Proceeding
Chapter: 13
Docket No.: 57 – 46, 49, 54
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED**
**AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated March 3, 2020 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☐ A. For the remainder of the Plan term, the periodic Plan payment is amended to be $ as of . Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F. shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐ G. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: .

☒ H. Additional Terms: 1) Fee application needed if fees (including retainer) exceed $4,000 including any fees paid to prior counsel.

2) Northwest Federal Credit Union (Claim No. 1) collateral was surrendered and the payments by the Trustee were proper.

3) Route 8 Auto Sales is to be paid $6,501.70 at 21% with a payment of $325.00 per month.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty–one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016–1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre–confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: June 16, 2020

Thomas P. Agresti, Judge
United States Bankruptcy Court

cc:   All Parties in Interest to be served by Clerk in seven (7) days

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Kellie M. Brazeale
    Debtor

Case No. 16-10744-TPA
Chapter 13

## CERTIFICATE OF NOTICE

```
District/off: 0315-1           User: jmar                   Page 1 of 2                  Date Rcvd: Jun 16, 2020
                               Form ID: 149                 Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 18, 2020.
```
db             +Kellie M. Brazeale,    28 Keith Avenue,    Oil City, PA 16301-2243
14275829       +Condominiums at Kirkpatrick Farms Assoc.,    c/o Raymond Cerese,    20605 Gordon Park Square,
                 Suite 170,    Ashburn, VA 20147-3147
14275830       +County of Loudoun,    PO Box 1000,    Leesburg, VA 20177-1000
14269095       +Federal Loan Servicing,    PO Box 69184,    Harrisburg, PA 17106-9184
14269096       +George Mason University Student Accounts,    4400 University Drive,    Fairfax, VA 22030-4444
14269103       +Specialized Loan Servicing,    Attn: Bankruptcy,    Po Box 636005,    Littleton, CO 80163-6005
14269105       +TBL,    560 South Herlong Avenue,    Rock Hill, SC 29732-9360
14269106       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                 (address filed with court: Toyota Motor Credit,    Toyota Financial Services,    Po Box 8026,
                 Cedar Rapids, IA 52408)
14337670        U.S. Department of Education,    c/o FedLoan Servicing,    P.O. Box 69184,
                 Harrisburg, PA 17106-9184
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14343296       +E-mail/Text: bkr@taxva.com Jun 17 2020 04:16:49      Commonwealth of Virginia,
                 c/o Department of Taxation,    PO Box 2156,    Richmond, VA 23218-2156
14269098       +E-mail/Text: sbse.cio.bnc.mail@irs.gov Jun 17 2020 04:15:58      Internal Revenue Service,
                 Centralized Insolvency Operations,    PO Box 7346,    Philadelphia, PA 19101-7346
14269094        E-mail/PDF: ais.chase.ebn@americaninfosource.com Jun 17 2020 04:17:15      Chase Mortgage,
                 Po Box 24696,    Columbus, OH 43224
14269101       +E-mail/PDF: lossmitigation@nwfcu.org Jun 17 2020 04:28:33      Northwest Federal Credit Union,
                 PO Box 1229,    Herndon, VA 20172-1229
14269100       +E-mail/PDF: lossmitigation@nwfcu.org Jun 17 2020 04:28:33      Northwest Federal Credit Union,
                 200 Springs Street,    Herndon, VA 20170-5292
14269102       +E-mail/Text: jennifer.chacon@spservicing.com Jun 17 2020 04:17:04
                 Select Portfolio Servicing, Inc,    Po Box 65250,    Salt Lake City, UT 84165-0250
14269104       +E-mail/PDF: gecsedi@recoverycorp.com Jun 17 2020 04:17:35      Synchrony Bank / Lowes,
                 Po Box 965064,    Orlando, FL 32896-5064
14353061        E-mail/Text: jennifer.chacon@spservicing.com Jun 17 2020 04:17:04
                 U.S. Bank, National Association,    c/o Select Portfolio Servicing, Inc.,    P.O. Box 65250,
                 Salt Lake City, UT 84165-0250
14275831        E-mail/Text: bkr@taxva.com Jun 17 2020 04:16:49      VA Department of Taxation,    PO Box 1478,
                 Richmond, VA 23218
                                                                                              TOTAL: 9
```

```
             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              U.S. Bank, National Association, as Trustee for BE
14269099*      +Internal Revenue Service,    William Moor-Head Building,    1000 Liberty Avenue,    Room 806,
                 Pittsburgh, PA 15222-4027
14269097*       Internal Revenue Service,    Insolvency Unit,    PO Box 628,    Pittsburgh, PA 15230
                                                                                              TOTALS: 1, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 18, 2020                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 16, 2020 at the address(es) listed below:
```
              Daniel P. Foster    on behalf of Debtor Kellie M. Brazeale dan@mrdebtbuster.com,
               katie@mrdebtbuster.com;kaitlyn@mrdebtbuster.com;kristen@mrdebtbuster.com;fosterlaw@ecf.inforuptcy
               .com
```

```
District/off: 0315-1          User: jmar                Page 2 of 2              Date Rcvd: Jun 16, 2020
                              Form ID: 149              Total Noticed: 18
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

        James    Warmbrodt    on behalf of Creditor    U.S. Bank, National Association, as Trustee for BEAR STEARNS MORTGAGE FUNDING TRUST 2007-SL1 MORTGAGE-BACKED CERTIFICATES, SERIES 2007-SL1 bkgroup@kmllawgroup.com

        Joshua I. Goldman    on behalf of Creditor    U.S. Bank, National Association, as Trustee for BEAR STEARNS MORTGAGE FUNDING TRUST 2007-SL1 MORTGAGE-BACKED CERTIFICATES, SERIES 2007-SL1 jgoldman@kmllawgroup.com

        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov

        Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com

        TOTAL: 5